UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO  **04-20071**

CHAPTER   **7**

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | No | 2 | $63,370.00 | | |
| B - Personal Property | No | 4 | $45,833.50 | | |
| C - Property Claimed as Exempt | No | 2 | | | |
| D - Creditors Holding Secured Claims | No | 1 | | $17,478.00 | |
| E - Creditors Holding Unsecured Priority Claims | No | 2 | | $254.27 | |
| F - Creditors Holding Unsecured Nonpriority Claims | No | 5 | | $26,520.29 | |
| G - Executory Contracts and Unexpired Leases | No | 1 | | | |
| H - Codebtors | No | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 1 | | | $0.00 |
| J - Current Expenditures of Individual Debtor(s) | No | 1 | | | $0.00 |
| Total Number of Sheets of ALL Schedules   > | | 20 | | | |
| Total Assets   > | | | $109,203.50 | | |
| Total Liabilities  > | | | | $44,252.56 | |

DLH

UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE A (REAL PROPERTY)

| Description And Location Of Property | Nature Of Debtor's Interest In Property | Husband, Wife, Joint Or Community | Current Market Value Of Debtor's Interest In Property, Without Deducting Any Secured Claim Or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| Homestead<br>709 CR 130<br>Liberty, Liberty County, TX 77575<br>Liberty Heights Lots 8, 9, &14 Sec. 2<br>Mobile Home + 2.731 acres | Community | C | $21,950.00 | $0.00 |
| Other real property<br>Wells Rd.<br>Harleton, Harrison County, TX<br>33.197 acres<br>AB66 W.C, Allen Survey | Community interest | C | $19,860.00 | $0.00 |
| Other real property<br>FM 450 West Side<br>Harleton, Harrison County, TX<br>3.138 acres<br>AB66 W.C. Allen Survey | Community interest | C | $520.00 | $0.00 |
| Other real property<br>101 Lucille St.<br>Marshall, Harrison County, TX<br>House & ,582 acres<br>AB 12 J. Haris Survey<br><br>Debtor & husband lived on this property since March 2001. Debtor was told the property was being purchased from husband's parents on rent to own basis. Husband made substantial improvements on property. | Possible equitable intrst | C | $15,490.00 | $0.00 |
| Other real property<br>9.248 ac<br>Parcel # R0000650782<br>AB 227 Wm Elliott<br>Karnack, Harrison Co., TX | Community interest | - | $2,770.00 | $0.00 |
| Other real property<br>9.280 ac | Community Interest | - | $2,780.00 | $0.00 |
| | | | $63,370.00 | $0.00 |

*DLH*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE A (REAL PROPERTY)

*Continuation Sheet No. 1*

| Description And Location Of Property | Nature Of Debtor's Interest In Property | Husband, Wife, Joint Or Community | Current Market Value Of Debtor's Interest In Property, Without Deducting Any Secured Claim Or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| AB 27 Wm. Elliott<br>Parcel # R000014383<br>Karnack, Harrison County, TX | | | | |
| | | | $63,370.00 | $0.00 |

*DLH*

UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE B (PERSONAL PROPERTY)

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | Dresser $5; Chest $20; Refrigerator $400; Table/chairs $35; Dishes/glassware $10; Flatware $3 | C | $528.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing | C | $15.50 |
| 7. Furs and jewelry. | | Watch $20; Wedding ring $100; Necklace $25; Earrings $30; Rings $20 | C | $195.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | See Attached "Exhibit C" Possession of estranged husband. | - | Unknown |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| | | | Total > | $738.50 |

DℓH

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | | 401K Trust & Thrift Plan BECON | C | $20,000.00 |
| | | 8th District Electrical  Pension Annuity Plan | C | $2,100.00 |
| | | Roth IRA PFS Investments | C | $815.00 |
| 12. Stock and interests in incorpo-rated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| | | | Total > | $23,653.50 |

*DLH*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Possible claim against husband or father-in-law for recovery of community funds spent to improve 101 Lucille Drive, Marshall, TX..  Debtor's husband has expended approximately $13,000 of community funds for improvements on land belonging to his father.  Debtor had been told they were purchasing the land from her father-in-law. Debtor's estranged spouse was ordered by divorce court to pay bills while divorce pending.  See attached order. | C | Unknown |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 F-150 Supercab Ford | C | $3,000.00 |
| | | 2000 Ford F-250 | C | $18,000.00 |
| | | 1979 3/4 ton Chevy Pick-up | C | $375.00 |
| | | 1973 Ford F-150 | C | $50.00 |
| | | Total > | | $45,578.50 |

*DLH*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint or Community | Current Market Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 1975 Winnebago Motor Home | C | $500.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | Fax machine $10; Computer $45 | C | $55.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | | See Attached "Exhibit A",Exhibit "B",Exhibit "D",Exhibit "E", and Exhibit "F". | - | Unknown |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | | 16" scroll saw $100; 13" scroll saw $100 | C | $200.00 |

Total  >   $45,833.50

*DLH*

COPY

## EQUIPMENT AND IMPLEMENTS

Fordson Dexta Tractor – 2000.00

Brushog – 400.00

Box blade – 150.00

Post hole auger – 350.00

16 ft. tandem utility trailer

10 ft. enclosed utility trailer

Electric welding machine

Acetylene and oxygen bottles with gauges

Cutting torch assembly and hoses

3 sections of scaffolds with aluminum planks

3 – 6 ft. Steel storage shelves

2 – 6 ft.  PVC storage shelves

2 Utility dollys

Fiberglass ladder

Aluminum extension ladder

4 – 3ft. x 6ft. double door storage cabinets

Gas generator

Large electric air compressor

Small electric air compressor

Electric Weed Eater

Gas Weed Eater

page 1



EXHIBIT
"A"

Large portable meat smoker on trailer

Small portable meat smoker on trailer



# TOOLS

Table saw

2 Handheld electric band saws

5 Electric drills

Circular saw

16" scroll saw - **EXEMPT**

13' scroll saw - **EXEMPT**

Gas chain saw

Heat gun

Angle grinder

Hand grinder

Saws-All

Levels - numerous types and sizes

Bench vise

Floor jacks

Jack stands

Numerous other hand tools, hammers, wrenches, etc.

Several various sizes of tool boxes





# FIREARMS

303 rifle with scope and ammunition - 300.00

30-06 rifle with scope and ammunition -300.00

22 rifle with scope and ammunition - 300.00

308 rifle with scope and ammunition - 300.00

8mm rifle with scope and ammunition - 300.00

30-30 rifle with scope and ammunition - 300.00

22 pistol - 200.00 and ammunition

12 ga. shotgun with scope and ammunition - 300.00





## AUTOMOBILES

2000 Ford F-250 - vin#3FTNX20FXYM

1997 Ford F-150 - vin#1FTDX1720VKB66136 - EXEMPT

1979 ¾ ton Chevy Pick-up - vin#0000CCL249A149426

1973 Ford F-150 - vin#F10GKQ88538

1975 Winnebago motor home - vin#M50DA5J013934





# LAWN EQUIPMENT

Craftsman lawn mower

Gravely garden tractor and attachments -
Leveling blade
Mower

Garden tiller

Numerous garden hand tools



EXHIBIT
" 8 "



# HOUSEHOLD FURNISHINGS

1 bed

1 Dresser - EXEMPT

1 Chest - EXEMPT

2 Recliners

1 Washer

1 Dryer

1 Freezer

1 Refrigerator - EXEMPT

1 Bookcase

1 CD/DVD/VCR Player/Surround sound

2 Color televisions

2 Lamps

1 Microwave

1 Table and chairs - EXEMPT

1 China cabinet

10 Small electric appliances

Dishes and glassware - 8 place setting - EXEMPT

Flatware - 24 pc. - EXEMPT

Computer - EXEMPT

Fax machine - EXEMPT

8 ft. conference table



EXHIBIT "F"

COPY

NO. 03-1107

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 71ST JUDICIAL DISTRICT |
| DELENA LYNNE HENDERSON | § | |
| AND | § | |
| WILLIAM HORACE HENDERSON, III | § | HARRISON COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE

### 1. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure

### 2. PARTIES

This suit is brought by DELENA LYNNE HENDERSON, Petitioner, who is 50 years of age and resides in Harrison County, Texas.

Respondent is WILLIAM HORACE HENDERSON, III who is 43 years of age and who resides in Harrison County, Texas.

### 3. DOMICILE

Petitioner has been a domiciliary of this state for the preceding six-month period and a resident of this county for the preceding 90-day period.

### 4. SERVICE

Process should be served on Respondent at his residence 101 Lucille Street, Marshall, Texas 75672, or wherever he maybe found.

### 5. DATE OF MARRIAGE AND SEPARATION

ORIGINAL PETITION FOR DIVORCE

The parties were married on or about September 16, 1989 and ceased to live together as husband and wife on or about September 11, 2003.

## 6. GROUNDS FOR DIVORCE

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent, as well as physical and mental abuse inflicted upon Petitioner by Respondent. Petitioner alleges that for the aforementioned reasons, the legitimate ends of the marriage relationship have been destroyed and there is no reasonable expectation of reconciliation.

## 7. CHILD OF THE MARRIAGE

There is no child under eighteen years of age or otherwise entitled to support who was born or adopted of this marriage, and none is expected.

## 8. DIVISION OF COMMUNITY PROPERTY

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such agreement is made, Petitioner requests the Court to approve the agreement and order a division of their estate in a manner consistent with the agreement. If such agreement is not made, Petitioner requests the Court to award to the Petitioner a disproportionate share of the parties' estate for the following reasons, including but not limited to:

a.      Fault in the break-up of the marriage;

b.      Health of the spouses;

c.      Education and future employability of the spouses;

d.      Earning power, capacities, business opportunities, and abilities of the spouses;

e.    Need for future support;

f.    Nature of the property involved in the division; and

g.    Wasting of community assets by the spouses.

## 9. SEPARATE PROPERTY

Petitioner owns separate property that is not part of the community estate of the parties,

and Petitioner requests the Court to confirm that separate property as the Petitioner's separate

property and estate.

## 10. REQUEST FOR TEMPORARY ORDERS

Petitioner requests the Court, after notice and hearing, to make temporary orders for the

safety and welfare of Petitioner as deemed necessary and equitable, including but not limited to

the following:

1.    Communicating with Petitioner in person, by telephone, or in writing in vulgar,

profane, obscene, or indecent language or in a coarse or offensive manner;

2.    Threatening Petitioner in person, by telephone, or in writing to take unlawful action

against any person;

3.    Placing one or more telephone calls, anonymously, at any unreasonable hour,

in an offensive and repetitious manner, or without a legitimate purpose of communication;

4.    Causing bodily injury to Petitioner;

5.    Threatening Petitioner with imminent bodily injury;

6.    Destroying, removing, concealing, encumbering, transferring, or otherwise harming
or reducing the value of the property of one or both of the parties;

7.    Falsifying any writing or record relating to the property of either party;

ORIGINAL PETITION FOR DIVORCE

3

8.    Misrepresenting or refusing to disclose to Petitioner or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties;

9.    Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value;

10.    Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to Petitioner;

11.    Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Petitioner or Respondent, whether personalty or realty, and whether separate or community, except as specifically authorized by order of this Court;

12.    Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by order of this Court;

13.    Making withdrawals from any checking or savings account in any financial institution for any purpose, except for reasonable and necessary living expenses;

14.    Spending any sum of cash in Respondent's possession or subject to Respondent's control for any purpose, except for reasonable and necessary living expenses;

15.    Withdrawing or borrowing in any manner for any purpose from any retirement, 401K, profitsharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by order of this Court;

16.    Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others;

ORIGINAL PETITION FOR DIVORCE

17.  Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Petitioner or Respondent, except as specifically authorized by order of this Court;

18.  Changing or in any manner altering the beneficiary designation on any life insurance on the life of Petitioner or Respondent;

19.  Canceling, altering, or in any manner affecting the present level of coverage of any casualty, automobile, or health insurance policies insuring the parties' property or persons;

20.  Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, on the home, or in any manner attempting to withdraw any deposits for service in connection with those services;

21.  Opening or diverting mail addressed to Petitioner;

22.  Signing or endorsing Petitioner's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to Petitioner without the personal signature of Petitioner;

23.  Taking any action to terminate or limit credit or charge cards in the name of Petitioner;

24.  Entering, operating, or exercising control over motor vehicle in the possession of Petitioner;

25.  Destroying, disposing of, or altering any financial records of the parties, including but not limited to records from financial institutions (including canceled checks and deposit slips),

ORIGINAL PETITION FOR DIVORCE

all records of credit purchases or cash advances, tax returns, and financial statements;

26.   Instituting any action in any other county, state, or nation attempting to obtain temporary or permanent orders concerning the marriage relationship of the parties, the dissolution of that relationship, spousal support, or any other order normally issued incident to a divorce proceeding or other proceeding involving the marital relationship;

27.   Withdrawing or borrowing funds from any financial institution, including any checking and/or savings account or any other lending entity in the Petitioner's name in order to post bail or bond for any domestic violence charge/incident directed at Petitioner or anyone in the Petitioner's home;

28.   Making any expenditure, whether for reasonable or necessary living expenses or not, that would result in a negative balance on any checking or savings account for which the Petitioner is responsible or may incur liability.

Petitioner requests that Respondent be authorized only as follows:

To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

11. REQUEST FOR TEMPORARY ORDERS CONCERNING USE OF PROPERTY

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate

ORIGINAL PETITION FOR DIVORCE

6

temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Petitioner exclusive use and control of the 1997 Ford F-150 motor vehicle in her possession and enjoining Respondent from entering, operating, or exercising control over it.

## 12. REQUEST FOR TEMPORARY ORDERS FOR DISCOVERY AND ANCILLARY RELIEF

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders for discovery and ancillary relief as deemed necessary and equitable, including but not limited to the following:

Ordering the parties to participate in an alternative dispute resolution process before trial of this matter.

## 13. ATTORNEY'S FEES AND EXPENSES

It was necessary for Petitioner to secure the services of Kimberly Wamsley, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees and expenses through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorneys; or, in the alternative, Petitioner requests that reasonable attorney's fees and expenses through trial and appeal be taxed as costs and be ordered paid directly to Petitioner's attorney, who may enforce the order for fees in the attorney's own name.

## PRAYER

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

ORIGINAL PETITION FOR DIVORCE

7

Petitioner pray's that the Court issue Temporary Orders as requested herein.

Petitioner prays that the Court, after notice and hearing, grant a temporary injunction enjoining Respondent, in conformity with the allegations of this petition, from the acts set forth above while this case is pending.

Petitioner prays for attorney's fees, expenses, and costs as requested above.

Petitioner prays for general relief.

Respectfully submitted,

KIMBERLY A WAMSLEY
CURRY & MORIN, L.L.P.
201 W. Houston
Marshall, Texas 75671
(903) 935-0797
FAX (903) 935-0799

BY _____
KIMBERLY A. WAMSLEY
Bar Card No. 24039231
Attorney for Petitioner

ORIGINAL PETITION FOR DIVORCE

8

COPY

NO. 03-1107

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 71ST JUDICIAL DISTRICT |
| DELENA LYNNE HENDERSON | § | |
| AND | § | |
| WILLIAM HORACE HENDERSON, III | § | HARRISON COUNTY, TEXAS |

## FIRST AMENDED ORIGINAL PETITION FOR DIVORCE

### 1. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure

### 2. PARTIES

This suit is brought by DELENA LYNNE HENDERSON, Petitioner, who is 50 years of age and resides in Harrison County, Texas.

Respondent is WILLIAM HORACE HENDERSON, III who is 43 years of age and who resides in Harrison County, Texas.

### 3. DOMICILE

Petitioner has been a domiciliary of this state for the preceding six-month period and a resident of this county for the preceding 90-day period.

### 4. SERVICE

Process should be served on Respondent at his residence 101 Lucille Street, Marshall, Texas 75672, or wherever he maybe found.

### 5. DATE OF MARRIAGE AND SEPARATION

ORIGINAL PETITION FOR DIVORCE

The parties were married on or about September 16, 1988 and ceased to live together as husband and wife on or about September 11, 2003.

## 6. GROUNDS FOR DIVORCE

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent, as well as physical, mental and sexual abuse inflicted upon Petitioner by Respondent. Petitioner alleges that for the aforementioned reasons, the legitimate ends of the marriage relationship have been destroyed and there is no reasonable expectation of reconciliation.

## 7. CHILD OF THE MARRIAGE

There is no child under eighteen years of age or otherwise entitled to support who was born or adopted of this marriage, and none is expected.

## 8. DIVISION OF COMMUNITY PROPERTY

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such agreement is made, Petitioner requests the Court to approve the agreement and order a division of their estate in a manner consistent with the agreement. If such agreement is not made, Petitioner requests the Court to award to the Petitioner a disproportionate share of the parties' estate for the following reasons, including but not limited to:

a.      Fault in the break-up of the marriage;

b.      Health of the spouses;

c.      Education and future employability of the spouses;

d.      Earning power, capacities, business opportunities, and abilities of the spouses;

ORIGINAL PETITION FOR DIVORCE

e.   Need for future support;

f.   Nature of the property involved in the division; and

g.   Wasting of community assets by the spouses.

9.   SEPARATE PROPERTY

Petitioner owns separate property that is not part of the community estate of the parties,
and Petitioner requests the Court to confirm that separate property as the Petitioner's separate
property and estate.

10.   REQUEST FOR TEMPORARY ORDERS

Petitioner requests the Court, after notice and hearing, to make temporary orders for the
safety and welfare of Petitioner as deemed necessary and equitable, including but not limited to
the following:

1.   Communicating with Petitioner in person, by telephone, or in writing in vulgar,
profane, obscene, or indecent language or in a coarse or offensive manner;

2.   Threatening Petitioner in person, by telephone, or in writing to take unlawful action
against any person;

3.   Placing one or more telephone calls, anonymously, at any unreasonable hour,
in an offensive and repetitious manner, or without a legitimate purpose of communication;

4.   Causing bodily injury to Petitioner;

5.   Threatening Petitioner with imminent bodily injury;

6.   Destroying, removing, concealing, encumbering, transferring, or otherwise harming
or reducing the value of the property of one or both of the parties;

7.   Falsifying any writing or record relating to the property of either party;

ORIGINAL PETITION FOR DIVORCE

3

8.   Misrepresenting or refusing to disclose to Petitioner or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties;

9.   Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value;

10.   Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to Petitioner;

11.   Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Petitioner or Respondent, whether personalty or realty, and whether separate or community, except as specifically authorized by order of this Court;

12.   Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by order of this Court;

13.   Making withdrawals from any checking or savings account in any financial institution for any purpose, except for reasonable and necessary living expenses;

14.   Spending any sum of cash in Respondent's possession or subject to Respondent's control for any purpose, except for reasonable and necessary living expenses;

15.   Withdrawing or borrowing in any manner for any purpose from any retirement, 401K, profitsharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by order of this Court;

16.   Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others;

ORIGINAL PETITION FOR DIVORCE

4

17. Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Petitioner or Respondent, except as specifically authorized by order of this Court;

18. Changing or in any manner altering the beneficiary designation on any life insurance on the life of Petitioner or Respondent;

19. Canceling, altering, or in any manner affecting the present level of coverage of any casualty, automobile, or health insurance policies insuring the parties' property or persons;

20. Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, on the home, or in any manner attempting to withdraw any deposits for service in connection with those services;

21. Opening or diverting mail addressed to Petitioner;

22. Signing or endorsing Petitioner's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to Petitioner without the personal signature of Petitioner;

23. Taking any action to terminate or limit credit or charge cards in the name of Petitioner;

24. Entering, operating, or exercising control over motor vehicle in the possession of Petitioner;

25. Destroying, disposing of, or altering any financial records of the parties, including but not limited to records from financial institutions (including canceled checks and deposit slips),

ORIGINAL PETITION FOR DIVORCE

5

all records of credit purchases or cash advances, tax returns, and financial statements;

26.    Instituting any action in any other county, state, or nation attempting to obtain temporary or permanent orders concerning the marriage relationship of the parties, the dissolution of that relationship, spousal support, or any other order normally issued incident to a divorce proceeding or other proceeding involving the marital relationship;

27.    Withdrawing or borrowing funds from any financial institution, including any checking and/or savings account or any other lending entity in the Petitioner's name in order to post bail or bond for any domestic violence charge/incident directed at Petitioner or anyone in the Petitioner's home;

28.    Making any expenditure, whether for reasonable or necessary living expenses or not, that would result in a negative balance on any checking or savings account for which the Petitioner is responsible or may incur liability.

Petitioner requests that Respondent be authorized only as follows:

To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit.

## 11. REQUEST FOR TEMPORARY ORDERS CONCERNING USE OF PROPERTY

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate

ORIGINAL PETITION FOR DIVORCE

6

temporary injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

Awarding Petitioner exclusive use and control of the 1997 Ford F-150 motor vehicle in her possession and enjoining Respondent from entering, operating, or exercising control over it.

12. REQUEST FOR TEMPORARY ORDERS FOR DISCOVERY AND ANCILLARY RELIEF

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders for discovery and ancillary relief as deemed necessary and equitable, including but not limited to the following:

13. ATTORNEY'S FEES AND EXPENSES

It was necessary for Petitioner to secure the services of Kimberly Wamsley, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, judgment for attorney's fees and expenses through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorneys; or, in the alternative, Petitioner requests that reasonable attorney's fees and expenses through trial and appeal be taxed as costs and be ordered paid directly to Petitioner's attorney, who may enforce the order for fees in the attorney's own name.

## PRAYER

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner pray's that the Court issue Temporary Orders as requested herein.

ORIGINAL PETITION FOR DIVORCE

Petitioner prays that the Court, after notice and hearing, grant a temporary injunction enjoining Respondent, in conformity with the allegations of this petition, from the acts set forth above while this case is pending.

Petitioner prays for attorney's fees, expenses, and costs as requested above.

Petitioner prays for general relief.

Respectfully submitted,

KIMBERLY A WAMSLEY
CURRY & MORIN, L.L.P.
201 W. Houston
Marshall, Texas 75671
(903) 935-0797
FAX (903) 935-0799

BY _____
KIMBERLY A. WAMSLEY
Bar Card No. 24039231
Attorney for Petitioner

ORIGINAL PETITION FOR DIVORCE

8

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO  **04-20071**

CHAPTER  **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

### Exemption Totals by Category:

(Values and liens of surrendered property are NOT included in this section)

Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|---|---|---|---|---|---|---|
| N/A | Real Property. | $63,370.00 | $0.00 | $63,370.00 | $21,950.00 | $41,420.00 |
| 1. | Cash on hand. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2. | Checking, savings or other financial accounts, CD's or shares in banks... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, others. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4. | Household goods and furnishings, including audio, video... | $528.00 | $0.00 | $528.00 | $528.00 | $0.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, records.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 6. | Wearing apparel. | $15.50 | $0.00 | $15.50 | $15.50 | $0.00 |
| 7. | Furs and jewelry. | $195.00 | $0.00 | $195.00 | $195.00 | $0.00 |
| 8. | Firearms and sports, photographic and other hobby equipment. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 9. | Interests in insurance policies. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10. | Annuities. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11. | Interests in IRA, ERISA, Keogh... | $22,915.00 | $0.00 | $22,915.00 | $22,915.00 | $0.00 |
| 12. | Stock and interests in incorporated... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 13. | Interests in partnerships.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 14. | Government and corporate bonds... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 15. | Accounts receivable. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 16. | Alimony, maintenance, support, and property settlement to which the..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 17. | Other liquidated debts owed debtor... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 18. | Equitable or future interests, life estates, and rights or powers..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 19. | Contingent and noncontingent interests in estate of decedent, death benefit.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20. | Other contingent and unliquidated claims of every nature..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 21. | Patents, copyrights, and other intellectual property. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Copyright 1996-2003, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 – All rights reserved.

DLH

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE: **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 1*

### Exemption Totals by Category:

(Values and liens of surrendered property are NOT included in this section)

Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumbrances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|---|---|---|---|---|---|---|
| 22. | Licenses, franchises, and other.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 23. | Automobiles, trucks, trailers, vehicles... | $21,925.00 | $17,478.00 | $4,447.00 | $3,000.00 | $1,447.00 |
| 24. | Boats, motors and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 25. | Aircraft and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 26. | Office equipment, furnishings... | $55.00 | $0.00 | $55.00 | $55.00 | $0.00 |
| 27. | Machinery, fixtures used in business. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 28. | Inventory. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 29. | Animals. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 30. | Crops - growing or harvested. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 31. | Farming equipment and implements. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 32. | Farm supplies, chemicals, and feed. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33. | Other personal property of any kind. | $200.00 | $0.00 | $200.00 | $0.00 | $200.00 |
| | **TOTALS:** | $109,203.50 | $17,478.00 | $91,725.50 | $48,658.50 | $43,067.00 |

### Surrendered Property:

The following property is to be surrendered by the debtor.  Although this property is NOT exempt, it is NOT considered "non-exempt" for purposes of this analysis.  The below listed items are to be returned to the lienholder.

| Property Description | Market Value | Lien | Equity |
|---|---|---|---|
| **Real Property** | | | |
| (None) | | | |
| **Personal Property** | | | |
| (None) | | | |
| **TOTALS:** | $0.00 | $0.00 | $0.00 |

### Non-Exempt Property by Item:

The following property, or a portion thereof, is non-exempt.

| Property Description | Market Value | Lien | Equity | Non-Exempt Amount |
|---|---|---|---|---|
| **Real Property** | | | | |
| Other real property | $19,860.00 | | $19,860.00 | $19,860.00 |
| Other real property | $520.00 | | $520.00 | $520.00 |
| Other real property | $15,490.00 | | $15,490.00 | $15,490.00 |

*Copyright 1996-2003, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 -- All rights reserved.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

*Continuation Sheet # 2*

| | | | |
|---|---|---|---|
| Other real property | $2,770.00 | | $2,770.00 | $2,770.00 |
| Other real property | $2,780.00 | | $2,780.00 | $2,780.00 |
| **Personal Property** | | | | |
| 2000 Ford F-250 | $18,000.00 | $17,478.00 | $522.00 | $522.00 |
| 1979 3/4 ton Chevy Pick-up | $375.00 | | $375.00 | $375.00 |
| 1973 Ford F-150 | $50.00 | | $50.00 | $50.00 |
| 1975 Winnebago Motor Home | $500.00 | | $500.00 | $500.00 |
| 16" scroll saw $100; 13" scroll saw $100 | $200.00 | | $200.00 | $200.00 |
| **TOTALS:** | **$60,545.00** | **$17,478.00** | **$43,067.00** | **$43,067.00** |

| Summary | |
|---|---|
| A. Gross Property Value (not including surrendered property) | **$109,203.50** |
| B. Gross Property Value of Surrendered Property | **$0.00** |
| C. Total Gross Property Value (A+B) | **$109,203.50** |
| D. Gross Amount of Encumbrances (not including surrendered property) | **$17,478.00** |
| E. Gross Amount of Encumbrances on Surrendered Property | **$0.00** |
| F. Total Gross Encumbrances (D+E) | **$17,478.00** |
| G. Total Equity (not including surrendered property)  /  (A-D) | **$91,725.50** |
| H. Total Equity in surrendered items  (B-E) | **$0.00** |
| I.  Total Equity  (C-F) | **$91,725.50** |
| J.  Total Amount of Exemptions Claims | **$48,658.50** |
| K.  Total Non-Exempt Property Remaining  (G-J) | **$43,067.00** |

Copyright 1996-2003, LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300 – All rights reserved.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE C (PROPERTY CLAIMED AS EXEMPT)

Debtor elects the exemptions to which debtor is entitled under: (Check one box)

☐ 11 U.S.C. Sec. 522(b)(1):  Exemptions provided in 11 U.S.C. Sec. 522(d). Note: These exemptions are available only in certain states.

☑ 11 U.S.C. Sec. 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| Homestead<br>709 CR 130<br>Liberty, Liberty County, TX 77575<br>Liberty Heights Lots 8, 9, &14 Sec. 2<br>Mobile Home + 2.731 acres | Const. Art. 16 §§ 50, 51, Texas Prop. Code §§ 41.001, 41.002 | $21,950.00 | $21,950.00 |
| Dresser $5; Chest $20; Refrigerator $400; Table/chairs $35; Dishes/glassware $10; Flatware $3 | Texas Property Code §§ 42.001(a), 42.002(a)(1) | $528.00 | $528.00 |
| Clothing | Texas Property Code §§ 42.001(a), 42.002(a)(5) | $15.50 | $15.50 |
| Watch $20; Wedding ring $100; Necklace $25; Earrings $30; Rings $20 | Texas Property Code §§ 42.001(a), 42.002(a)(6) | $195.00 | $195.00 |
| See Attached "Exhibit C"<br>Possession of estranged husband. | Texas Property Code §§ 42.001(a), 42.002(a)(7) | Unknown | Unknown |
| 401K Trust & Thrift Plan<br>BECON | Texas Property Code § 42.0021 | $20,000.00 | $20,000.00 |
| 8th District Electrical  Pension Annuity Plan | Texas Property Code § 42.0021 | $2,100.00 | $2,100.00 |
| Roth IRA<br>PFS Investments | Texas Property Code § 42.0021 | $815.00 | $815.00 |
| 1997 F-150 Supercab Ford | Texas Property Code §§ 42.001(a), 42.002(a)(9) | $3,000.00 | $3,000.00 |
| | | $48,658.50 | $48,658.50 |

DLH

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE C (PROPERTY CLAIMED AS EXEMPT)

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| Fax machine $10; Computer $45 | Texas Property Code §§ 42.001(a), 42.002(a)(4) | $55.00 | $55.00 |
| | | $48,658.50 | $48,658.50 |

*DLH*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
*Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. Sec. 507(a)(2).*

☐ **Wages, salaries, and commissions**
*Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4,650\* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided by 11 U.S.C. Sec. 507(a)(3).*

☐ **Contributions to employee benefit plans**
*Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(4).*

☐ **Certain farmers and fishermen**
*Claims of certain farmers and fishermen, up to a maximum of $4,650\* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).*

☐ **Deposits by individuals**
*Claims of individuals up to a maximum of $2,100\* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. Sec. 507(a)(6).*

☐ **Alimony, Maintenance, or Support**
*Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Sec. 507(a)(7).*

☑ **Taxes and certain other debts owed to governmental units**
*Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Sec. 507(a)(8).*

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
*Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. Sec. 507(a)(9).*

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
*Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C Secs. 326, 328, 329 and 330.*

*\* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.  The amounts shown above were effective beginning April 1, 2001.*

_____1_____continuation sheets attached



IN RE: <u>Delena Lynne Henderson</u>
      Debtor

CASE NO  <u>04-20071</u>
     (If Known)

       Joint Debtor

CHAPTER  **7**

## SCHEDULE D (CREDITORS HOLDING SECURED CLAIMS)

☐ Check this box if debtor has no creditors holding secured claims to report on Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: EQA240 PGD4<br><br>**Ford Credit**<br>**PO Box 219825**<br>**Kansas City, MO 64121-9825** | X | C | DATE INCURRED: **9-28-2000**<br>NATURE OF LIEN:<br>**Auto Loan**<br>COLLATERAL:<br>**2000 F-250 Truck**<br>REMARKS:<br>**Debtor's estranged husband is in possession of vehicle. He was ordered by divorce court to pay bills while divorce pending, See attached order.**<br><br><br>COLLATERAL VALUE: **$18,000.00** | | | | $17,478.00 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| <u> No </u> continuation sheets attached | Total for this Page (Subtotal) > | $17,478.00 | $0.00 |
| | Running Total > | $17,478.00 | $0.00 |

DLH

IN RE: Delena Lynne Henderson
_____
Debtor

CASE NO   04-20071
_____
(If Known)

_____
Joint Debtor

CHAPTER   7

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

*Continuation Sheet No. 1*

| TYPE OF PRIORITY | Taxes |
|---|---|

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: 62929-STMT<br>**Harrison Central**<br>**P.O. Box 818**<br>**Marshall, TX 75671** | | C | DATE INCURRED:   **2003**<br>CONSIDERATION:<br>**Property taxes**<br>REMARKS: | | | | **Notice Only** | **Notice Only** |
| ACCT #: 62929-STMT<br>**Harrison County Tax A/C**<br>**P.O. Box 967**<br>**Marshall, TX 75671-0967** | | C | DATE INCURRED:   **2003**<br>CONSIDERATION:<br>**Property taxes**<br>REMARKS: | | | | **Notice Only** | **Notice Only** |
| ACCT #: R57317<br>**Liberty County Centra Appraisal District**<br>**PO Box 10016**<br>**315 S. Main St.**<br>**Liberty, TX 77575** | | C | DATE INCURRED:   **2003**<br>CONSIDERATION:<br>**Property taxes**<br>REMARKS: | | | | **Notice Only** | **Notice Only** |
| ACCT #: 00957-00009<br>**Marion County Tax A/C**<br>**Marion County Courthouse**<br>**114 W. Austin, Room 100**<br>**Jefferson, TX 75657-2202** | | C | DATE INCURRED:   **2003**<br>CONSIDERATION:<br>**Property taxes**<br>REMARKS: | | | | **Notice Only** | **Notice Only** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

|  | | Total for this Page (Subtotal) > | $0.00 | $0.00 |
|---|---|---|---|---|
| | | Running Total > | $0.00 | $0.00 |

*DLH*

IN RE: **Delena Lynne Henderson**
_____
Debtor

_____
Joint Debtor

CASE NO __04-20071__
(If Known)

CHAPTER **7**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 35927<br>Baher M. Elhalwagi, MD<br>700 E. Marshall Ave.<br>Longview, TX75601 | | C | DATE INCURRED: 10/26/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $21.27 |
| ACCT #: 4366 1630 2447 9731<br>Bank One<br>First USA Bank, NA<br>P.O. Box 50882<br>Henderson, NV 89016-0882 | | C | DATE INCURRED: 06/2000<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $4,202.16 |
| ACCT #: 250062<br>Bud R. Siebenlist, MD PA<br>PO Box 5998<br>Longview, TX 75608 | | C | DATE INCURRED: 10/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $370.50 |
| ACCT #:<br>Charles R. Martin, MD<br>700 E. Marshall Ave.<br>Longview, TX 75601 | | C | DATE INCURRED: 11/24/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $21.59 |
| ACCT #: J9910400757<br>Christus St. Joseph Hospital<br>PO Box 840963<br>Dallas, TX 75284 | | C | DATE INCURRED: 1999<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $70.00 |
| ACCT #: 932 940 0368<br>Christus St. Joseph Hospital<br>PO Box 840963<br>Dallas, TX 75284 | | C | DATE INCURRED: 10/1993<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $267.00 |
| ACCT #: 070 335 7012<br>Christus St. Joseph Hospital<br>PO Box 840963<br>Dallas, TX 75284 | | C | DATE INCURRED: 05/1992<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $77.00 |

____4____ continuation sheets attached

| | |
|---|---|
| Total for this Page (Subtotal) > | $5,029.52 |
| Running Total > | $5,029.52 |



IN RE:  **Delena Lynne Henderson**
                    Debtor

CASE NO  **04-20071**
                    (If Known)

Joint Debtor

CHAPTER  **7**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 1*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  991 960 0827<br>**Christus St. Joseph Hospital**<br>PO Box 840963<br>**Dallas, TX 75284** | | C | DATE INCURRED:   **1999**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | **$378.27** |
| ACCT #:  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<br>**Colorado Dept. Of Revenue**<br>1375 Sherman St.<br>**Denver, CO 80261** | | C | DATE INCURRED:   **2001**<br>CONSIDERATION:<br>**State Taxes**<br>REMARKS:<br>**This debt belongs to husband, William Horace Henderson III** | | | | **Notice Only** |
| ACCT #:  6011 0089 2651 2226<br>**Discover**<br>PO Box 30395<br>**Salt Lake City, UT 84130-0395** | | C | DATE INCURRED:   **03/1998**<br>CONSIDERATION:<br>**Credit card**<br>REMARKS: | | | | **$2,313.62** |
| ACCT #:  6011 3007 5007 8105<br>**Discover**<br>PO Box 30395<br>**Salt Lake City, UT 84130-0395** | | C | DATE INCURRED:   **2000**<br>CONSIDERATION:<br>**Credit card**<br>REMARKS: | | | | **$5,005.83** |
| ACCT #:  23441<br>**Emergency Physicians**<br>PO Box 1325<br>**Marshall, TX 75671** | | C | DATE INCURRED:   **10/26/2001**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | **$24.37** |
| ACCT #:  003541123<br>**Estor R. Zenarosa MD**<br>815 S. Washington<br>**Marshall, TX 75671** | | C | DATE INCURRED:   **10/26/2001**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | **$24.37** |
| ACCT #:  441711376190 0042<br>**First USA Mastercard**<br>P.O. Box 50882<br>**Henderson, NV 89016-0882** | | C | DATE INCURRED:   **1996**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | **$1,020.46** |

Total for this Page (Subtotal) >      **$8,766.92**

Running Total >      **$13,796.44**

DLH

IN RE: **Delena Lynne Henderson**
_____
                Debtor
_____

                Joint Debtor

CASE NO   **04-20071**
                (If Known)

CHAPTER   **7**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 2*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  5491 0000 7335 2309<br>**Fleet Credit Card Svc.**<br>**PO Box 15368**<br>**Wilmington, DE 19886-5368** | | C | DATE INCURRED:  **1998**<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | | $4,936.97 |
| ACCT #:  36798049<br>**Good Shepherd Medical Center**<br>**700 E. Marshall Ave.**<br>**Longview, TX 75601-5580** | | C | DATE INCURRED:  **10/27/2001**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $597.81 |
| ACCT #:  010678<br>**Horizon Anesthesia Assoc.**<br>**PO Box 6437**<br>**Longview, TX 75608-6437** | | C | DATE INCURRED:  **11/10/2001**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $9.54 |
| ACCT #:  BAH01851<br>**James A. Niclols, MD**<br>**700 E. Marshall Ave.**<br>**Longview, TX 75601-5580** | | C | DATE INCURRED:  **10/2001**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $4.28 |
| ACCT #:  BAH01852<br>**John W. Cox, MD**<br>**700 E. Marshall Ave.**<br>**Longview, TX 75601** | | C | DATE INCURRED:  **11/16/2001**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $161.00 |
| ACCT #:  Chart # HENLY000<br>**Longview Gastroenterology**<br>**1400 North Forth St.**<br>**Longview, TX 75601** | | C | DATE INCURRED:  **10/2001**<br>CONSIDERATION:<br>**Medical bills**<br>REMARKS: | | | | $551.59 |
| ACCT #:  S37308780<br>**Longview Imaging Consultants**<br>**P.O. Box 150476**<br>**Longview, TX 75615-0476** | | C | DATE INCURRED:  **03/2002**<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $25.53 |

Total for this Page (Subtotal) >   $6,286.72

Running Total >   $20,083.16

DLH

IN RE: **Delena Lynne Henderson**
        Debtor

CASE NO **04-20071**
       (If Known)

_____
       Joint Debtor

CHAPTER **7**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 3*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 22378<br>**Longview Thoracic and Cardiovascular**<br>701 E. Marshall, Ste. 504<br>Longview, TX 75601 | | C | DATE INCURRED: 11/16/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $212.38 |
| ACCT #: 0033541123<br>**Marshall Regional Hospital**<br>811 WS Washington<br>P.O. Box 1599<br>Marshall, TX 75670 | | C | DATE INCURRED: 10/26/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | **Notice Only** |
| ACCT #: 17335/47847<br>**Marshall/Harrison Co. Ambulance Svc**<br>c/o Southwest General Svc<br>PO Box 698<br>Marshall, TX 75671 | | C | DATE INCURRED: 10/26/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | $618.00 |
| ACCT #: 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<br>**New Mexico Dept. of Revenue**<br>1100 S. St. Francis Dr.<br>PO Box 630<br>Sante Fe, NM 87504-0630 | | C | DATE INCURRED: 11/1998<br>CONSIDERATION:<br>**State Taxes**<br>REMARKS:<br>**This debt belongs to husband, William Horace Henderson III** | | | | $4,389.31 |
| ACCT #: 071840607-18<br>**North East Texas Credit Union**<br>PO Box 1480<br>Lone Star, TX 75668 | | C | DATE INCURRED: 08/1991<br>CONSIDERATION:<br>**Personal loan**<br>REMARKS: | | | | $428.74 |
| ACCT #: HENLY000/625527<br>**Northeast Texas Credit Bureau**<br>1504 Colony Circle<br>Longview, TX 75604-4454 | | C | DATE INCURRED: 04/2002551<br>CONSIDERATION:<br>**Collecting -for- Longview Gastroenterology**<br>REMARKS: | | | | **Notice Only** |
| ACCT #: 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<br>**Oklahoma Dept. Of Revenue**<br>PO Box 26800<br>Oklahoma City, OK 73126-088 | | C | DATE INCURRED: 2002<br>CONSIDERATION:<br>**State Taxes**<br>REMARKS:<br>**This debt belongs to husband, William Horace Henderson III** | | | | **Notice Only** |

Total for this Page (Subtotal) >     $5,648.43

Running Total >     $25,731.59

*DLH*

IN RE: **Delena Lynne Henderson**

Debtor

Joint Debtor

CASE NO  **04-20071**
(If Known)

CHAPTER  **7**

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 4*

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  S37308780<br>R. Sommerhalder<br>700 E. Marshall Ave.<br>Longview, TX 75601 | | C | DATE INCURRED:  03/04/2002<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | **$25.54** |
| ACCT #:  04703357<br>S.R.J. Associates<br>3465 W. Alabama<br>P.O. Box 27705<br>Houston, TX  77227 | | C | DATE INCURRED:  04/01/2001<br>CONSIDERATION:<br>**Medical bill**<br>REMARKS: | | | | **$149.00** |
| ACCT #:  991 960 0827<br>TLRA<br>2600 North Loop West, Ste 240<br>Houston, TX  77092 | | C | DATE INCURRED:  1999<br>CONSIDERATION:<br>**Collecting for -Christus St. Joseph Hospital**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:  809558574-00001<br>Verizon Wireless<br>PO Box 660108<br>Dallas, TX 75266-0108 | | C | DATE INCURRED:  10/2003<br>CONSIDERATION:<br>**Phone bill**<br>REMARKS: | | | | **$386.45** |
| ACCT #:  609589356-0001<br>Verizon wireless<br>PO Box 660108<br>Dallas, TX 75266-0108 | | C | DATE INCURRED:  10/2003<br>CONSIDERATION:<br>**Phone bill**<br>REMARKS: | | | | **$227.71** |
| | | | | | | | |
| | | | | | | | |

| | |
|---|---|
| Total for this Page (Subtotal) > | $788.70 |
| Running Total > | $26,520.29 |

*DLH*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

*DLH*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE: **Delena Lynne Henderson**

CASE NO **04-20071**

CHAPTER 7

## SCHEDULE H (CODEBTORS)

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **William Henderson III**<br>101 Lucille St.<br>Marshall, TX 75672 | **Ford Credit**<br>PO Box 219825<br>Kansas City, MO 64121-9825 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | | | |
|---|---|---|---|---|---|---|---|
| | Name | Age | Relationship | Name | | Age | Relationship |
| **Single** | | | | | | | |

| Employment | Debtor | Spouse | |
|---|---|---|---|
| Occupation | Unemployed | | |
| Name of Employer | | | |
| How Long Employed | | | |
| Address of Employer | | | |

| Income: (Estimate of average monthly income) | *DEBTOR* | *SPOUSE* |
|---|---|---|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $0.00 | |
| Estimated monthly overtime | $0.00 | |
| *SUBTOTAL* | **$0.00** | |
| LESS PAYROLL DEDUCTIONS | | |
| A. Payroll taxes (includes social security tax if B. is zero) | $0.00 | |
| B. Social Security Tax | $0.00 | |
| C. Insurance | $0.00 | |
| D. Union dues | $0.00 | |
| E. Retirement | $0.00 | |
| F. Other (specify) _____ | $0.00 | |
| G. Other (specify) _____ | $0.00 | |
| *SUBTOTAL OF PAYROLL DEDUCTIONS* | **$0.00** | |
| *TOTAL NET MONTHLY TAKE HOME PAY* | **$0.00** | |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | |
| Income from real property | $0.00 | |
| Interest and dividends | $0.00 | |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | |
| Social Security or other government assistance (specify) | $0.00 | |
| Pension or retirement income | $0.00 | |
| Other monthly income (specify below) | | |
| 1. _____ | $0.00 | |
| 2. _____ | $0.00 | |
| 3. _____ | $0.00 | |
| *TOTAL MONTHLY INCOME* | **$0.00** | |

## TOTAL COMBINED MONTHLY INCOME  $0.00

(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:
**Debtor lives with sister.  Debtor pays no expenses.  Sister is supporter of Debtor.**

DLH

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rental for mobile home) <br> Are real estate taxes included? ☐ Yes ☑ No <br> Is property insurance included? ☐ Yes ☑ No | |
| **Utilities:** Electricity and heating fuel <br> Water and sewer <br> Telephone <br> Other: | |
| Home maintenance (repairs and upkeep) <br> Food <br> Clothing <br> Laundry and dry cleaning <br> Medical and dental expenses (not covered by insurance) <br> Transportation (not including car payments) <br> Recreation, clubs and entertainment, newspapers, magazines, etc. <br> Charitable contributions | |
| **Insurance**  (not deducted from wages or included in home mortgage payments) <br> Homeowner's or renter's <br> Life <br> Health <br> Auto <br> Other: | |
| Taxes (not deducted from wages or included in home mortgage payments) <br> Specify: | |
| **Installment payments:**  (In Chapter 12 and 13 cases, do not list payments included in the plan) <br> Auto <br> Other: <br> Other: <br> Other: | |
| Alimony, maintenance, and support paid to others <br> Payments for support of additional dependents not living at debtor's home <br> Regular expenses from operation of business, profession, or farm (attach detailed statement) <br> Other: <br> Other:  Debtor pays no expnses. Lives w/sister. | $0.00 <br> $0.00 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$0.00** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income
B. Total projected monthly expenses (including separate spouse budget if applicable)
C. Excess income (A minus B)
D. Total amount to be paid into plan each                                    (interval)

DLH

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:   Delena Lynne Henderson

CASE NO   **04-20071**

CHAPTER   **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**21**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **03/04/2004**

Signature _____
Delena Lynne Henderson

Date _____

Signature _____

[If joint case, both spouses must sign.]

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER    **7**

## STATEMENT OF FINANCIAL AFFAIRS

---

### 1. Income from employment or operation of business

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 3. Payments to creditors

None
☑

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

## 6. Assignments and receiverships

None
☑

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None
☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None
☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Rodney S. Scott**<br>**PO Box 3345**<br>**Longview, TX 75606** | **2-16-2004**<br>**Phyllis Weir/Sister** | **$1200.00** |

## 10. Other transfers

None
☐

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

*DLH*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  Delena Lynne Henderson

CASE NO  **04-20071**

CHAPTER  **7**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

| | | |
|---|---|---|
| **Douglas Weir**<br>2851 Birmingham Rd.<br>Marshall, TX 75672<br>**Nephew** | **9-11-2003** | **.39 acres of land**<br>**$500.00** |

---

**None**
☑
### 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑
### 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑
### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**None**
☑
### 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

---

**None**
☐
### 15. Prior address of debtor

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **101 Lucille St.**<br>**Marshall, TX 75672** | **Delena Lynne Henderson** | **3-01 to 11-03** |

---

**None**
☐
### 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

**William Horace Henderson III**
**101 Lucille ST.**
**Marshall, TX 75672**

---

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None
☑
a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

---

None
☑
b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None
☑
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

## 18. Nature, location and name of business

None
☑
a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 4*

---

None
☑

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Section 101.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☑

a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

---

None
☑

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

---

### 20. Inventories

None
☑

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None
☑

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

*DLH*

UNITED STATES BANKRUPTCY COURT
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 5*

---

None
☑

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

None
☑

**22. Former partners, officers, directors and shareholders**

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None
☑

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

None
☑

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

None
☑

**24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

---

None
☑

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE:  **Delena Lynne Henderson**

CASE NO   **04-20071**

CHAPTER   **7**

# STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 6*

### DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, consisting of _____7_____ sheets, and that they are true and correct.

Date  03/04/2004 _____

Signature _____
of Debtor        **Delena Lynne Henderson**

Date  03/04/2004 _____

Signature _____
of Joint Debtor
(if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

IN RE: **Delena Lynne Henderson**

CASE NO   **04-20071**

*Debtor(s)*

CHAPTER   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

### a. Property to Be Surrendered.

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME |
|---|---|
| 2000 F-250 Truck | Ford Credit<br>PO Box 219825<br>Kansas City, MO 64121-9825 |

### b. Property to Be Retained. (Check any applicable statement).

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME | Lien will be avoided pursuant to Sec. 522(f) and property will be claimed as exempt | Property is claimed as exempt and will be redeemed pursuant to Sec. 722 | Debt will be reaffirmed pursuant to Sec. 524(c) | Debtor will continue making payments to creditor without reaffirming |
|---|---|---|---|---|---|

**None**

Date __03/04/2004__

Signature _Delena Lynne Henderson_
Delena Lynne Henderson

Date _____

Signature _____